UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**RICHARD ARROWSMITH,**
**LIQUIDATING TRUSTEE OF THE**
**HDL LIQUIDATING TRUST,**

    **Plaintiff,**

v.                                                   **Case No: 5:19-mc-4-JSM-PRL**

**FAMILY CARE ON EUSTIS SQUARE,**
**P.A., D/B/A HESTER FAMILY CARE &**
**BARIATRIC CENTER,**

    **Defendant.**

### REPORT AND RECOMMENDATION[1]

Upon referral, this matter is before the undersigned on the motion of Richard Arrowsmith, Liquidating Trustee of the HDL Liquidating Trust ("Judgment Creditor") for final judgment as to garnishment of Seacoast National Bank, successor by merger to First Green Bank. (Doc. 9). For the reasons explained below, I recommend that the Judgment Creditor's motion be granted.

### I.    Background

On August 5, 2018, the Judgment Creditor obtained a judgment in the United States Bankruptcy Court for the Eastern District of Virginia against Family Care on Eustis Square, P.A., d/b/a Hester Family Care & Bariatric Center in the principal amount of $27,980.00 plus attorney's fees and expenses of litigation in the amount of $1,000.00, for a total amount of $28,980.00. (Doc.

---

[1] Within 14 days after being served with a copy of the recommended disposition, a party may file written objections to the Report and Recommendation's factual findings and legal conclusions. See Fed. R. Civ. P. 72(b)(3); Fed. R. Crim. P. 59(b)(2); 28 U.S.C. § 636(b)(1)(B); Local Rule 6.02. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. See 11th Cir. R. 3-1.

- 2 -

2, p. 3-7). On February 11, 2019, Richard Arrowsmith as Liquidating Trustee of the Judgment Creditor registered the judgment with this Court. (Doc. 1). The Judgment Creditor moved for a writ of garnishment to satisfy the outstanding judgment. The Judgment Creditor believed that First Green Bank, the Garnishee, has in its hands, possession, or control, tangible or intangible personal property of the Judgment Creditor.

On March 18, 2019, the writ of garnishment was served on Garnishee. On Mach 20, 2019, the Judgment Creditor, pursuant to Florida Statute § 77.041 gave notice of serving the writ of garnishment with a copy of the motion for writ of garnishment, the writ of garnishment and notice to Defendant. (Doc. 6). Garnishee filed its Answer to the writ, disclosing that at the time of service of the writ of garnishment, it (Seacoast National Bank, successor by merger to First Green Bank) was indebted to Judgment Debtor in the amount of $5,767.38. (Doc. 7). On March 26, 2019, pursuant to Florida Statutes 77.055, counsel for Judgment Creditor gave notice of the Answer together with the statutorily required notice to the Judgment Debtor. (Doc. 8). The Judgment Debtor has not responded to the writ of garnishment or Answer.

**II.     Legal Standards**

Florida's procedure in aid of execution governs in the instant case. *See* Fed. R. Civ. P. 69. Chapter 77 of the Florida Statutes prescribes the procedure for issuance and enforcement of writs of garnishment. Florida law requires garnishment statutes to be strictly construed. *Gigliotti Contracting North, Inc. v. Traffic Control Products of North Florida, Inc*., 788 So.2d 1013, 1016 (Fla. 2d DCA 2001).

**III.     Discussion**

The Answer (Doc. 7) establishes the amount Seacoast National Bank, successor by merger to First Green Bank, held from Judgment Debtor after the writ of garnishment was served and before the Answer. And, as the Judgment Debtor has not moved to dissolve the writ of

- 3 -

garnishment, the Judgment Creditor requests entry of a final judgment of garnishment against Seacoast National Bank, successor by merger to First Green Bank, in the amount of $5,767.38. Neither the Judgment Debtor nor any other party has responded, objected, or moved to dissolve the writ within the 20 days allowed by Florida Statutes 77.055. Further, the Judgment Debtor is not an individual and there is no dispute regarding the ownership of the subject account, nor is there any dispute regarding whether the allegations in the writ are true. I therefore recommend, on the record before the Court, that the motion for final judgment of garnishment is due to be granted.

### IV.     Recommendation

In accordance with the foregoing, it is RESPECTFULLY RECOMMENDED that the motion for final judgment as to garnishment of Seacoast National Bank, successor by merger to First Green Bank, (Doc. 9) be GRANTED.

**DONE and ORDERED** in Ocala, Florida on March 15, 2019.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties